the statutory construction law has provided a statutory and exclusive method of computation for a period of months, which applies in express terms to all statutes, contracts, and public or private instruments, unless otherwise provided in such contract or instrument or by law. If, however, we could consider the rules of the common law, then I still think that the limitation pleaded is a bar. It is true that a final Sunday was excluded for the purpose of performing a contract, so that performance on the following Monday was in due time. Porter v. Pierce, 120 N. Y. 217, 24 N. E. 281, 7 L. R. A. 847. But we are not considering the performance of a contract fixed for a given day which for any reason happens to be Sunday, but with a period of time within which an action must be begun, and of which, through the accident of death, the last day happened to fall upon Sunday. It must be assumed that the representative of the assured knew that action could not be begun on the final day of that period as determined at the beginning of the period. The question to my mind involves the consideration of a period of limitation which only differs from a statute thereof in that it is prescribed by the parties instead of the Legislature. I think that the following authorities would be in point: Benoit v. N. Y. Central & H. R. R. R. Co., 94 App. Div., at page 27, 87 N. Y. Supp., at page 953; Dorsey v. Pike, 46 Hun, 112; People ex rel. Pugsley v. Luther, 1 Wend. 42; Cooley v. Cook, 125 Mass. 406. Although this question was passed upon on the former appeal (85 App. Div. 7, 82 N. Y. Supp. 971), the expression of this court was not essential to the conclusion then reached. I think that the court erred in its conclusion that the action was seasonably begun on October 28th. Although the conclusion reached was not effected, yet I think that the error should not remain uncorrected. I advise that the judgment and order be reversed, without costs, and that judgment absolute be given for the defendant, with costs.

MILLER, J., concurs.

SANFORD, Respondent, v. ENGEMAN, Appellant. (Supreme Court, Appellate Division, First Department. November 10, 1905.) Action by Henry Sanford against Jessie G. Engeman. J. D. Lindsay, for appellant. A. B. Parker, for respondent. No opinion. Order affirmed, with $10 costs and disbursements.

In re SANFORD'S ESTATE. (Supreme Court, Appellate Division, First Department. November 10, 1905.) In the matter of Gustavus B. Sanford, deceased. No opinion. Motion granted.

SAUL v. SWARTZ. (Supreme Court, Appellate Division, First Department. October 13, 1905.) Action by Lester J. Saul, as executor, against Henriette Swartz, individually, etc. No opinion. Motion denied, on payment of $10 costs, and, on payment of $10 additional, leave given to apply to the court below to open default.

SAVAGE, Appellant, v. WOODS, Respondent. (Supreme Court, Appellate Term. Octo-ber 27, 1905.) Appeal from Municipal Court, Borough of Manhattan, Eleventh District. Action by Thomas R. Savage against James Woods. From a judgment in favor of defendant, plaintiff appeals. Modified and affirmed. Walter L. Bunnell, for appellant. Frank A. Acer, for respondent.

SCOTT, P. J. The bill of particulars of the plaintiff's claim, containing the items of his account, was admitted as evidence without objection and by the consent of the defendant. The subsequent statement sent to the defendant, which claimed only $85 due the plaintiff, was explained by the plaintiff as having been an error of his in not examining all the items of his bill charged upon his books against the defendant, and this explanation was drawn out by defendant's counsel on cross-examination. Plaintiff claims that the judgment should be modified, by increasing it from $122.82 damages and costs, to the sum of $204 and costs. An examination of the plaintiff's bill of items offered in evidence shows, however, that the total debit is $232, and the total credit is $53, leaving a balance due of $179. The judgment shall therefore be modified, by increasing the amount to $179 and the proper costs in the court below, and, as modified, affirmed, without costs of this appeal. Judgment modified by increasing amount of judgment to $179 and costs in the court below, and, as modified, affirmed, without costs in this court. All concur.

In re SCANLON. PEOPLE ex rel. SCANLON v. KNIGHT et al. (Supreme Court, Appellate Division, Fourth Department. July 6, 1905.) In the matter of the application of Mary V. Scanlon. Proceeding by the people of the state of New York, on the relation of Peter V. Scanlon, against Erastus C. Knight and others. PER CURIAM. It now appearing that the applicant has received general letters of administration upon the personal estate of said Peter V. Scanlon, deceased, the motion for substitution herein is granted, without costs.

SCANLON v. KNIGHT et al. (Supreme Court, Appellate Division, Fourth Department. October 4, 1905.) Application of Mary V. Scanlon against Erastus C. Knight and others. No opinion. Motion for leave to appeal to the Court of Appeals granted, and questions to be reviewed certified to that court.

SCHAAP, Respondent, v. VAN DYK et al., Appellants. (Supreme Court, Appellate Division, First Department. July 7, 1905.) Action by Abraham Schaap against Louis A. Van Dyk and another. S. J. Goldsmith, for appellants. H. W. Bookstaver, for respondent. No opinion. Order affirmed, with $10 costs and disbursements.

SCHENKEL v. LISCHINSKY. (Supreme Court, Appellate Division, First Department. November 17, 1905.) Action by Jacob Schenkel against Rochem Lischinsky. No opinion. Motion denied, with $10 costs.

SCHLESINGER, Respondent, v. McDONALD, Appellant. (Supreme Court, Appellate